**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| FIDELITY NATIONAL INFORMATION SERVICES, INC., | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. _____ |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| PLANO ENCRYPTION TECHNOLOGIES, LLC, and KOBA HOLDINGS, LLC, | ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY
JUDGMENT OF NON-INFRINGEMENT**

Plaintiff Fidelity National Information Services, Inc. ("FIS") files this Complaint for Declaratory Judgment of Non-Infringement against Defendants Plano Encryption Technologies, LLC ("PET") and Koba Holdings, LLC ("Koba Holdings"), and respectfully shows the Court as follows:

**NATURE OF THE ACTION**

1.      This is an action for declaratory judgment that certain United States patents are not infringed pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, and for such other relief as the Court deems just and proper.

**THE PARTIES**

2.      Plaintiff FIS is a corporation organized under Georgia law, with its headquarters and principal place of business at 601 Riverside Avenue, Tower Building, Jacksonville, FL 32204.  FIS provides online banking, mobile banking, and other financial products and services to numerous financial institution customers dispersed throughout the United States, including Delaware.

3.      On information and belief, PET's Certificate of Formation, filed with the Office of the Secretary of State of Texas, lists as its sole managing member Koba Holdings, having an address of 3500 South DuPont Highway, Dover, Delaware, 19901.   On information and belief, PET is an entity that enforces but does not practice the U.S. patents it purportedly owns.   On information and belief, to the extent that PET does conduct any business, PET is in the business of enforcing and attempting to monetize patents.   On information and belief, Defendant PET is a limited liability company with its principal place of business at 903 18th Street, Suite 224, Plano, Texas 75074.   On information and belief, PET was formed in March 2015.

4.      On information and belief, Defendant Koba Holdings is the sole parent corporation of Defendant PET, having an address of 3500 South DuPont Highway, Dover, Delaware, 19901.   On information and belief, Koba Holdings was formed as a Delaware limited liability company on February 27, 2015.   On information and belief, Koba Holdings wholly owns PET.

5.      On information and belief, PET is a mere agent of Koba Holdings.   Koba Holdings is the sole owner of PET.   Koba Holdings is the sole managing member of PET.   On information and belief, Koba Holdings exhibits sole control over PET.   On information and belief, the extent of overlap of officers and directors, if any, of PET and Koba Holdings, the methods of financing of PET and Koba Holdings, the division of responsibility for day-to-day management between PET and Koba Holdings, and the process by which each corporation obtains its business, *i.e.*, enforcement of patents, is so substantial that PET acts on Koba Holdings' behalf or at Koba Holdings' direction.

6.      On information and belief, the actions of PET are attributable to Koba Holdings because of one or more of the following factors: (1) PET is undercapitalized; (2) the failure to

2

observe corporate formalities between PET and Koba Holdings; (3) nonpayment of dividends by PET; (4) siphoning of PET's funds by Koba Holdings; (5) the absence of corporate records; and (6) PET is merely a facade for the operations of the dominant stockholder or stockholders. Accordingly, the corporate veil between PET and Koba Holdings should be pierced because PET and Koba Holdings operate as a single economic entity, and an overall element of unfairness and injustice would exist if PET and Koba Holdings were not treated as a single economic entity.

## JURISDICTION AND VENUE

7.      This is a civil action seeking a declaration of non-infringement of certain United States patents and therefore arises under the United States patent laws, 35 U.S.C. § 271 *et seq.*, and is being further brought under the Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202.

8.      This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1338(a).

9.      This Court has personal jurisdiction over PET.  PET is present within and has minimum contacts with the State of Delaware and the United States District Court for the District of Delaware.  On information and belief, PET's sole managing member and sole owner is Koba Holdings, having an address of 3500 South DuPont Highway, Dover, Delaware, 19901. On information and belief, Koba Holdings wholly owns PET.

10.      Venue is proper in the United States District Court for the District of Delaware pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## THE SUBSTANTIAL CONTROVERSY BETWEEN THE PARTIES

11.      This Court has subject matter jurisdiction over this action based on a real and immediate controversy between (a) FIS and (b) PET and Koba Holdings regarding whether FIS mobile and online banking products and services provided to certain companies ("FIS Customers") infringe the claims of certain patents within PET's portfolio of patents.  According

to PET, its portfolio of patents includes U.S. Patent Nos. 5,974,550 ("the '550 patent"), 5,991,399 ("the '399 patent"), and 6,587,858 ("the '858 patent") (collectively, the "Patents-In-Suit"), as well as other U.S. patents.

12.     As set forth below, PET's demands to FIS Customers are based on PET's allegations that FIS Customers infringe the Patents-In-Suit based on their use of mobile and/or online banking products provided by FIS.

13.     Upon information and belief, PET is a non-practicing entity recently formed in March 2015 for the sole purpose of filing patent infringement lawsuits and monetizing patents. According to publicly available assignment records on the U.S. Patent & Trademark Office website, in April 2015, PET became the assignee of the '399 and '550 patents.  By May 2015, according to publicly available assignment records on the U.S. Patent & Trademark Office website, PET had become the assignee of the '858 patent.

14.     Within just a few months of corporate formation and the acquisition of the patents, PET began its litigation campaign to monetize its patents.  Since May 2015, PET has sent at least seventeen (17) letters to FIS Customers alleging infringement of one or more of the Patents-In-Suit ("Alleged Infringement Letters"), and requesting FIS Customers "take a license to [PET's] patent portfolio."  A copy of one Alleged Infringement Letter, which is exemplary of all seventeen letters, is attached as **Exhibit A**.

15.     PET also filed at least three patent infringement lawsuits against other financial institutions alleging infringement of the '399 and '550 patents in connection with the alleged use of certain mobile banking applications.  *See Plano Encryption Techs., LLC v. Citizens Nat'l Bank*, No. 2:15-cv-01168-JRG (E.D. Tex. filed June 29, 2015); *Plano Encryption Techs., LLC v. Am. Bank of Tex.*, No. 2:15-cv-01273-JRG (E.D. Tex. filed July 15, 2015); and *Plano Encryption*

*Techs., LLC v. Independent Bank*, No. 2:15-cv-01382-JRG (E.D. Tex. filed July 31, 2015). Upon information and belief, the defendants in the aforementioned three cases do not utilize a mobile banking application provided by FIS.

16.     On or about May 29, 2015, PET sent an Alleged Infringement Letter to Guaranty Bank and Trust.  In the letter, PET asserted that Guaranty Bank and Trust's "mobile apps" infringe at least claims 29 and 37 of the '399 patent and at least claims 15-17 of the '550 patent.

17.     FIS provides Guaranty Bank and Trust with the mobile banking application Guaranty Bank and Trust offers its customers to conduct certain banking transactions via smart phones.  PET's assertion that Guaranty Bank and Trust's use of its mobile banking application infringes the '399 and '550 patents is thus an assertion that the use of FIS's mobile banking products and services directly infringes the '399 and '550 patents.  Accordingly, PET's assertions constitute an assertion that FIS directly or indirectly infringes the '399 and '550 patents by providing mobile banking products and services to its customers.

18.     On or about July 10, 2015, PET sent an Alleged Infringement Letter to First Convenience Bank.  In the letter, PET asserted that it owns the Patents-in-Suit, as well as U.S. Patent Nos. 6,041,122, 6,446,983 (expired), and 6,529,603.  In the letter, PET asserted that First Convenience Bank's "mobile apps" infringe at least claims 1, 9, 29, and 37 of the '399 patent and at least claims 14-17 of the '550 patent, and that at least claim 6 of the '858 patent is infringed  in connection with its "online banking features."

19.     FIS provides First Convenience Bank with the mobile banking application First Convenience Bank offers its customers to conduct certain banking transactions via smart phones. PET's assertion that First Convenience Bank's use of its mobile banking application infringes the '399 and '550 patents is thus an assertion that the use of FIS's mobile banking products and

services directly infringes the '399 and '550 patents.  Accordingly, PET's assertions constitute an assertion that FIS directly or indirectly infringes the '399 and '550 patents by providing mobile banking products and services to its customers.  Likewise, FIS also provides First Convenience Bank with the online banking products and services First Convenience Bank offers its customers.  PET's assertion that First Convenience Bank's use of online banking products infringes the '858 patent is thus an assertion that FIS directly or indirectly infringes the '858 patent by providing online banking products to its customers.

20.     On or about July 10, 2015, PET sent an Alleged Infringement Letter to North Dallas Bank and Trust.  In the letter, PET asserted that it owns the Patents-in-Suit, as well as U.S. Patent Nos. 6,041,122, 6,446,983 (expired), and 6,529,603.  In the letter, PET asserted that North Dallas Bank and Trust's "mobile apps" infringe at least claims 1, 9, 29, and 37 of the '399 patent and at least claims 14-17 of the '550 patent.

21.     FIS provides North Dallas Bank and Trust with the mobile banking application North Dallas Bank and Trust offers its customers to conduct certain banking transactions via smart phones.  PET's assertion that North Dallas Bank and Trust's use of its mobile banking application infringes the '399 and '550 patents is thus an assertion that the use of FIS's mobile banking products and services directly infringes the '399 and '550 patents.  Accordingly, PET's assertions constitute an assertion that FIS directly or indirectly infringes the '399 and '550 patents by providing mobile banking products and services to its customers.

22.     On or about July 10, 2015, PET sent an Alleged Infringement Letter to Legend Bank, N.A.  In the letter, PET asserted that it owns the Patents-in-Suit, as well as U.S. Patent Nos. 6,041,122, 6,446,983 (expired), and 6,529,603.  In the letter, PET asserted that Legend

Bank's "mobile apps" infringe at least claims 1, 9, 29, and 37 of the '399 patent and at least claims 14-17 of the '550 patent.

23.     FIS provides Legend Bank with the mobile banking application Legend Bank offers its customers to conduct certain banking transactions via smart phones.  PET's assertion that Legend Bank's use of its mobile banking application infringes the '399 and '550 patents is thus an assertion that the use of FIS's mobile banking products and services directly infringes the '399 and '550 patents.  Accordingly, PET's assertions constitute an assertion that FIS directly or indirectly infringes the '399 and '550 patents by providing mobile banking products and services to its customers.

24.     On or about July 10, 2015, PET sent an Alleged Infringement Letter to First National Bank of Granbury.  In the letter, PET asserted that it owns the Patents-in-Suit, as well as U.S. Patent Nos. 6,041,122, 6,446,983 (expired), and 6,529,603.  In the letter, PET asserted that First National Bank of Granbury's "mobile apps" infringe at least claims 1, 9, 29, and 37 of the '399 patent and at least claims 14-17 of the '550 patent, and that at least claim 6 of the '858 patent is infringed in connection with its "online banking features."

25.     FIS provides First National Bank of Granbury with the mobile banking application First National Bank of Granbury offers its customers to conduct certain banking transactions via smart phones.  PET's assertion that First National Bank of Granbury's use of its mobile banking application infringes the '399 and '550 patents is thus an assertion that the use of FIS's mobile banking products and services directly infringes the '399 and '550 patents. Accordingly, PET's assertions constitute an assertion that FIS directly or indirectly infringes the '399 and '550 patents by providing mobile banking products and services to its customers. Likewise, FIS also provides First National Bank of Granbury with the online banking products

and services First National Bank of Granbury offers its customers.  PET's assertion that First National Bank of Granbury's use of online banking products infringes the '858 patent is thus an assertion that FIS directly or indirectly infringes the '858 patent by providing online banking products to its customers.

26.     On or about July 10, 2015, PET sent an Alleged Infringement Letter to FirstBank Southwest.  In the letter, PET asserted that it owns the Patents-in-Suit, as well as U.S. Patent Nos. 6,041,122, 6,446,983 (expired), and 6,529,603.  In the letter, PET asserted that FirstBank Southwest's "mobile apps" infringe at least claims 1, 9, 29, and 37 of the '399 patent and at least claims 14-17 of the '550 patent, and that at least claim 6 of the '858 patent is infringed in connection with its "online banking features."

27.     FIS provides FirstBank Southwest with the mobile banking application FirstBank Southwest offers its customers to conduct certain banking transactions via smart phones.  PET's assertion that FirstBank Southwest's use of its mobile banking application infringes the '399 and '550 patents is thus an assertion that the use of FIS's mobile banking products and services directly infringes the '399 and '550 patents.  Accordingly, PET's assertions constitute an assertion that FIS directly or indirectly infringes the '399 and '550 patents by providing mobile banking products and services to its customers.  Likewise, FIS also provides FirstBank Southwest with the online banking products and services FirstBank Southwest offers its customers.  PET's assertion that FirstBank Southwest's use of online banking products infringes the '858 patent is thus an assertion that FIS directly or indirectly infringes the '858 patent by providing online banking products to its customers.

28.     On or about July 10, 2015, PET sent an Alleged Infringement Letter to Post Oak Bank, N.A.  In the letter, PET asserted that it owns the Patents-in-Suit, as well as U.S. Patent

Nos. 6,041,122, 6,446,983 (expired), and 6,529,603.    In the letter, PET asserted that Post Oak Bank's "mobile apps" infringe at least claims 1, 9, 29, and 37 of the '399 patent and at least claims 14-17 of the '550 patent, and that at least claim 6 of the '858 patent is infringed in connection with its "online banking features."

29.    FIS provides Post Oak Bank with the mobile banking application Post Oak Bank offers its customers to conduct certain banking transactions via smart phones.  PET's assertion that Post Oak Bank's use of its mobile banking application infringes the '399 and '550 patents is thus an assertion that the use of FIS's mobile banking products and services directly infringes the '399 and '550 patents.  Accordingly, PET's assertions constitute an assertion that FIS directly or indirectly infringes the '399 and '550 patents by providing mobile banking products and services to its customers.  Likewise, FIS also provides Post Oak Bank with the online banking products and services Post Oak Bank offers its customers.  PET's assertion that Post Oak Bank's use of online banking products infringes the '858 patent is thus an assertion that FIS directly or indirectly infringes the '858 patent by providing online banking products to its customers.

30.    On or about July 10, 2015, PET sent an Alleged Infringement Letter to Security State Bank.  In the letter, PET asserted that it owns the Patents-in-Suit, as well as U.S. Patent Nos. 6,041,122, 6,446,983 (expired), and 6,529,603.  In the letter, PET asserted that Security State Bank's "mobile apps" infringe at least claims 1, 9, 29, and 37 of the '399 patent and at least claims 14-17 of the '550 patent, and that at least claim 6 of the '858 patent is infringed in connection with its "online banking features."

31.    FIS provides Security State Bank with the mobile banking application Security State Bank offers its customers to conduct certain banking transactions via smart phones.  PET's assertion that Security State Bank's use of its mobile banking application infringes the '399 and

'550 patents is thus an assertion that the use of FIS's mobile banking products and services directly infringes the '399 and '550 patents.  Accordingly, PET's assertions constitute an assertion that FIS directly or indirectly infringes the '399 and '550 patents by providing mobile banking products and services to its customers.  Likewise, FIS also provides Security State Bank with the online banking products and services Security State Bank offers its customers.  PET's assertion that Security State Bank's use of online banking products infringes the '858 patent is thus an assertion that FIS directly or indirectly infringes the '858 patent by providing online banking products to its customers.

32.     On or about July 10, 2015, PET sent an Alleged Infringement Letter to Texas First State Bank.  In the letter, PET asserted that it owns the Patents-in-Suit, as well as U.S. Patent Nos. 6,041,122, 6,446,983 (expired), and 6,529,603.  In the letter, PET asserted that Texas First State Bank's "mobile apps" infringe at least claims 1, 9, 29, and 37 of the '399 patent and at least claims 14-17 of the '550 patent, and that at least claim 6 of the '858 patent is infringed in connection with its "online banking features."

33.     FIS provides Texas First State Bank with the mobile banking application Texas First State Bank offers its customers to conduct certain banking transactions via smart phones. PET's assertion that Texas First State Bank's use of its mobile banking application infringes the '399 and '550 patents is thus an assertion that the use of FIS's mobile banking products and services directly infringes the '399 and '550 patents.  Accordingly, PET's assertions constitute an assertion that FIS directly or indirectly infringes the '399 and '550 patents by providing mobile banking products and services to its customers.  Likewise, FIS also provides Texas First State Bank with the online banking products and services Texas First State Bank offers its customers.  PET's assertion that Texas First State Bank's use of online banking products

infringes the '858 patent is thus an assertion that FIS directly or indirectly infringes the '858 patent by providing online banking products to its customers.

34.     On or about July 10, 2015, PET sent an Alleged Infringement Letter to The First National Bank of Central Texas.  In the letter, PET asserted that it owns the Patents-in-Suit, as well as U.S. Patent Nos. 6,041,122, 6,446,983 (expired), and 6,529,603.  In the letter, PET asserted that The First National Bank of Central Texas's "mobile apps" infringe at least claims 1, 9, 29, and 37 of the '399 patent and at least claims 14-17 of the '550 patent, and that at least claim 6 of the '858 patent is infringed in connection with its "online banking features."

35.     FIS provides The First National Bank of Central Texas with the mobile banking application The First National Bank of Central Texas offers its customers to conduct certain banking transactions via smart phones.  PET's assertion that The First National Bank of Central Texas's use of its mobile banking application infringes the '399 and '550 patents is thus an assertion that the use of FIS's mobile banking products and services directly infringes the '399 and '550 patents.  Accordingly, PET's assertions constitute an assertion that FIS directly or indirectly infringes the '399 and '550 patents by providing mobile banking products and services to its customers.  Likewise, FIS also provides The First National Bank of Central Texas with the online banking products and services The First National Bank of Central Texas offers its customers.  PET's assertion that The First National Bank of Central Texas's use of online banking products infringes the '858 patent is thus an assertion that FIS directly or indirectly infringes the '858 patent by providing online banking products to its customers.

36.     On or about July 10, 2015, PET sent an Alleged Infringement Letter to Tradition Bank.  In the letter, PET asserted that it owns the Patents-in-Suit, as well as U.S. Patent Nos. 6,041,122, 6,446,983 (expired), and 6,529,603.  In the letter, PET asserted that Tradition Bank's

"mobile apps" infringe at least claims 1, 9, 29, and 37 of the '399 patent and at least claims 14-17 of the '550 patent.

37.     FIS provides Tradition Bank with the mobile banking application Tradition Bank offers its customers to conduct certain banking transactions via smart phones.  PET's assertion that Tradition Bank's use of its mobile banking application infringes the '399 and '550 patents is thus an assertion that the use of FIS's mobile banking products and services directly infringes the '399 and '550 patents.  Accordingly, PET's assertions constitute an assertion that FIS directly or indirectly infringes the '399 and '550 patents by providing mobile banking products and services to its customers.

38.     On or about July 10, 2015, PET sent an Alleged Infringement Letter to Citizens State Bank.  In the letter, PET asserted that it owns the Patents-in-Suit, as well as U.S. Patent Nos. 6,041,122, 6,446,983 (expired), and 6,529,603.  In the letter, PET asserted that Citizens State Bank's "mobile apps" infringe at least claims 1, 9, 29, and 37 of the '399 patent and at least claims 14-17 of the '550 patent.

39.     FIS provides Citizens State Bank with the mobile banking application Citizens State Bank offers its customers to conduct certain banking transactions via smart phones.  PET's assertion that Citizens State Bank's use of its mobile banking application infringes the '399 and '550 patents is thus an assertion that the use of FIS's mobile banking products and services directly infringes the '399 and '550 patents.  Accordingly, PET's assertions constitute an assertion that FIS directly or indirectly infringes the '399 and '550 patents by providing mobile banking products and services to its customers.

40.     On or about July 10, 2015, PET sent an Alleged Infringement Letter to Texas Citizens Bank.  In the letter, PET asserted that it owns the Patents-in-Suit, as well as U.S. Patent

Nos. 6,041,122, 6,446,983 (expired), and 6,529,603. In the letter, PET asserted that Texas Citizens Bank's "mobile apps" infringe at least claims 1, 9, 29, and 37 of the '399 patent and at least claims 14-17 of the '550 patent.

41. FIS provides Texas Citizens Bank with the mobile banking application Texas Citizens Bank offers its customers to conduct certain banking transactions via smart phones. PET's assertion that Texas Citizens Bank's use of its mobile banking application infringes the '399 and '550 patents is thus an assertion that the use of FIS's mobile banking products and services directly infringes the '399 and '550 patents. Accordingly, PET's assertions constitute an assertion that FIS directly or indirectly infringes the '399 and '550 patents by providing mobile banking products and services to its customers.

42. On or about July 10, 2015, PET sent an Alleged Infringement Letter to Centennial Bank. In the letter, PET asserted that it owns the Patents-in-Suit, as well as U.S. Patent Nos. 6,041,122, 6,446,983 (expired), and 6,529,603. In the letter, PET asserted that Centennial Bank's "mobile apps" infringe at least claims 1, 9, 29, and 37 of the '399 patent and at least claims 14-17 of the '550 patent.

43. FIS provides Centennial Bank with the mobile banking application Centennial Bank offers its customers to conduct certain banking transactions via smart phones. PET's assertion that Centennial Bank's use of its mobile banking application infringes the '399 and '550 patents is thus an assertion that the use of FIS's mobile banking products and services directly infringes the '399 and '550 patents. Accordingly, PET's assertions constitute an assertion that FIS directly or indirectly infringes the '399 and '550 patents by providing mobile banking products and services to its customers.

44.     On or about July 10, 2015, PET sent an Alleged Infringement Letter to Industry State Bank.  In the letter, PET asserted that it owns the Patents-in-Suit, as well as U.S. Patent Nos. 6,041,122, 6,446,983 (expired), and 6,529,603.  In the letter, PET asserted that Industry State Bank's "mobile apps" infringe at least claims 1, 9, 29, and 37 of the '399 patent and at least claims 14-17 of the '550 patent, and that at least claim 6 of the '858 patent is infringed in connection with its "online banking features."

45.     FIS provides Industry State Bank with the mobile banking application Industry State Bank offers its customers to conduct certain banking transactions via smart phones.  PET's assertion that Industry State Bank's use of its mobile banking application infringes the '399 and '550 patents is thus an assertion that the use of FIS's mobile banking products and services directly infringes the '399 and '550 patents.  Accordingly, PET's assertions constitute an assertion that FIS directly or indirectly infringes the '399 and '550 patents by providing mobile banking products and services to its customers.  Likewise, FIS also provides Industry State Bank with the online banking products and services Industry State Bank offers its customers.  PET's assertion that Industry State Bank's use of online banking products infringes the '858 patent is thus an assertion that FIS directly or indirectly infringes the '858 patent by providing online banking products to its customers.

46.     On or about July 10, 2015, PET sent an Alleged Infringement Letter to Icon Bank. In the letter, PET asserted that it owns the Patents-in-Suit, as well as U.S. Patent Nos. 6,041,122, 6,446,983 (expired), and 6,529,603.  In the letter, PET asserted that Icon Bank's "mobile apps" infringe at least claims 1, 9, 29, and 37 of the '399 patent and at least claims 14-17 of the '550 patent, and that at least claim 6 of the '858 patent is infringed in connection with its "online banking features."

47.     FIS provides Icon Bank with the mobile banking application Icon Bank offers its customers to conduct certain banking transactions via smart phones.  PET's assertion that Icon Bank's use of its mobile banking application infringes the '399 and '550 patents is thus an assertion that the use of FIS's mobile banking products and services directly infringes the '399 and '550 patents.  Accordingly, PET's assertions constitute an assertion that FIS directly or indirectly infringes the '399 and '550 patents by providing mobile banking products and services to its customers.  Likewise, FIS also provides Icon Bank with the online banking products and services Icon Bank offers its customers.  PET's assertion that Icon Bank's use of online banking products infringes the '858 patent is thus an assertion that FIS directly or indirectly infringes the '858 patent by providing online banking products to its customers.

48.     In its Alleged Infringement Letters, PET also informs FIS Customers of recent lawsuits it has filed in which it has alleged infringement of one or more of the Patents-in-Suit, thereby implicitly threatening FIS Customers with a lawsuit if PET's terms are not met.  Consequently, PET and Koba Holdings have created a case or controversy between themselves and each of the FIS Customers with respect to the alleged infringement of the '399, '550, and '858 patents.

49.     FIS provides the accused online banking and mobile banking products to each of the FIS Customers identified herein.  Each of the aforementioned FIS Customers has contacted FIS directly or indirectly pursuant to contract provisions governing defense and indemnification in connection with the threats made by PET.

50.     PET and Koba Holdings have implicitly threatened lawsuits against at least seventeen (17) FIS Customers related to one or more of the Patents-in-Suit by virtue of Customers' use of FIS's online banking and/or mobile banking products.

51.     Given PET's accusations against FIS Customers' use of FIS online banking and mobile banking products, FIS will continue to suffer actual harm to FIS's legitimate right and business interest in offering its customers online banking and mobile banking products free of baseless claims of patent infringement, which harm has been realized by PET's threats to file law suits against FIS Customers.

52.     Contrary to PET's allegations, however, FIS and FIS Customers do not infringe and have not infringed the Patents-in-Suit, and therefore have a right to engage in the complained-of activity.   As a result of PET's actions, FIS risks a suit for infringement by continuing to offer its online banking and mobile banking products to FIS Customers and other companies in Delaware and throughout the United States.   Rather than continue to run that risk and have various courts flooded with at least 17 more separate lawsuits, which is apparently PET's plan, FIS files this action and seeks a declaration of its legal rights—that neither FIS nor FIS Customers infringe the Patents-in-Suit as accused by PET in its Alleged Infringement Letters.

53.     Since FIS denies PET's allegations, an actual, live, and justiciable controversy exists between (a) FIS and (b) PET and Koba Holdings, within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201.   Accordingly, FIS seeks a declaration of non-infringement.

## THE PATENTS-IN-SUIT

54.     U.S. Patent No. 5,974,550 ("the '550 patent") is titled "Method for Strongly Authenticating Another Process in a Different Address Space."   The '550 patent bears an issuance date of October 26, 1999.   A copy of the '550 patent is attached as **Exhibit B**.   The

claims of the '550 patent are directed to methods of and apparatus for "authenticating a first process operating in an address space different than that of a second process."

55.     U.S. Patent No. 5,991,399 ("the '399 patent") is titled "Method for Securely Distributing a Conditional Use Private Key to a Trusted Entity on a Remote System."  The '399 patent bears an issuance date of November 23, 1999.  A copy of the '399 patent is attached as **Exhibit C**.  The claims of the '399 patent are directed to methods of and apparatus for "securely distributing data."

56.     U.S. Patent No. 6,587,858 ("the '858 patent") is titled "Systems and Methods for the Control of Dynamic Data and Request Criteria in a Data Repository."  The '858 patent bears an issuance date of July 1, 2003.  A copy of the '858 patent is attached as **Exhibit D**.  Claim 6 of the '858 patent is directed to a "method of describing a placement order of data by its position within a transmission and within a construct that is understood by a repository source means."

## FIRST CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement of the '399 Patent)

57.     FIS hereby incorporates by reference its allegations contained in paragraphs 1 through 56 of this Complaint as though fully set forth herein.

58.     FIS does not make, use, offer for sale, sell, import, or export, and has not ever made, used, offered to sell, sold, imported, or exported, a method, device, or apparatus, identified and accused by PET, that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the '399 patent, either literally or under the doctrine of equivalents.

59.     As set forth in detail above, an actual, live, and justiciable controversy exists between (a) FIS and (b) PET and Koba Holdings concerning the non-infringement of the '399 patent.

60.     Accordingly, FIS seeks and is entitled to a judgment against PET and Koba Holdings that FIS online banking and mobile banking products accused by PET have not infringed and do not infringe (directly, indirectly, contributorily, or by inducement) any valid and enforceable claim of the '399 patent, either literally or under the doctrine of equivalents.

## SECOND CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement of the '550 Patent)

61.     FIS hereby incorporates by reference its allegations contained in paragraphs 1 through 60 of this Complaint as though fully set forth herein.

62.     FIS does not make, use, offer for sale, sell, import, or export, and has not ever made, used, offered to sell, sold, imported, or exported, a method, device, or apparatus, identified and accused by PET, that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the '550 patent, either literally or under the doctrine of equivalents.

63.     As set forth in detail above, an actual, live, and justiciable controversy exists between (a) FIS and (b) PET and Koba Holdings concerning the non-infringement of the '550 patent.

64.     Accordingly, FIS seeks and is entitled to a judgment against PET and Koba Holdings that FIS online banking and mobile banking products accused by PET have not infringed and do not infringe (directly, indirectly, contributorily, or by inducement) any valid and enforceable claim of the '550 patent, either literally or under the doctrine of equivalents.

## THIRD CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement of the '858 Patent)

65.     FIS hereby incorporates by reference its allegations contained in paragraphs 1 through 64 of this Complaint as though fully set forth herein.

66.     FIS does not make, use, offer for sale, sell, import, or export, and has not ever made, used, offered to sell, sold, imported, or exported, a method, device, or apparatus, identified and accused by PET, that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the '858 patent, either literally or under the doctrine of equivalents.

67.     As set forth in detail above, an actual, live, and justiciable controversy exists between (a) FIS and (b) PET and Koba Holdings concerning the non-infringement of the '858 patent.

68.     Accordingly, FIS seeks and is entitled to a judgment against PET and Koba Holdings that FIS online banking and mobile banking products accused by PET have not infringed and do not infringe (directly, indirectly, contributorily, or by inducement) any valid and enforceable claim of the '858 patent, either literally or under the doctrine of equivalents.

## EXCEPTIONAL CASE FINDING

69.     Because this matter constitutes an exceptional case under 35 U.S.C. § 285, FIS is entitled an award of its reasonable and necessary attorneys' fees.

## JURY DEMAND

70.     Pursuant to Federal Rule of Civil Procedure 38, FIS demands a trial by jury on all issues triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, FIS prays for a declaratory judgment against Defendants as follows:

A.     Declare that FIS and FIS Customers have not infringed and do not infringe in any manner any claim of the '399 patent;

B.     Declare that FIS and FIS Customers have not infringed and do not infringe in any manner any claim of the '550 patent;

C.     Declare that FIS and FIS Customers have not infringed and do not infringe in any manner any claim of the '858 patent;

D.     Permanently enjoin PET and Koba Holdings, their successors and assigns, and anyone acting in concert therewith or on their behalf, from attempting to enforce the '399 patent against FIS, any parents, affiliates, or subsidiaries of FIS, or any of its respective officers, agents, employees, successors, and assigns;

E.     Permanently enjoin PET and Koba Holdings, their successors and assigns, and anyone acting in concert therewith or on their behalf, from attempting to enforce the '399 patent against any FIS Customers who use FIS's online banking or mobile banking products;

F.     Permanently enjoin PET and Koba Holdings, their successors and assigns, and anyone acting in concert therewith or on their behalf, from attempting to enforce the '550 patent against FIS, any parents, affiliates, or subsidiaries of FIS, or any of its respective officers, agents, employees, successors, and assigns;

G.     Permanently enjoin PET and Koba Holdings, their successors and assigns, and anyone acting in concert therewith or on their behalf, from attempting to enforce the '550 patent against any FIS Customers who use FIS's online banking or mobile banking products;

H.     Permanently enjoin PET and Koba Holdings, their successors and assigns, and anyone acting in concert therewith or on their behalf, from attempting to enforce the '858 patent against FIS, any parents, affiliates, or subsidiaries of FIS, or any of its respective officers, agents, employees, successors, and assigns;

I.     Permanently enjoin PET and Koba Holdings, their successors and assigns, and anyone acting in concert therewith or on their behalf, from attempting to enforce the '858 patent against any FIS Customers who use FIS's online banking or mobile banking products;

J.       Find this case exceptional and award FIS its costs and expenses, including reasonable attorneys' fees, in accordance with the provisions of 35 U.S.C. § 285 or otherwise; and

K.       Award FIS any additional relief as the Court may deem appropriate and just under the circumstances.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Anthony Son
Matthew Dowd
Sushila Chanana
ANDREWS KURTH LLP
1350 I Street, NW, Suite 1100
Washington, DC 20005
Tel:  (202) 662-2700

By:   _/s/ David E. Moore_____
        David E. Moore (#3983)
        Bindu A. Palapura (#5370)
        Stephanie E. O'Byrne (#4446)
        Hercules Plaza, 6th Floor
        1313 N. Market Street
        Wilmington, DE  19801
        Tel:  (302) 984-6000
        dmoore@potteranderson.com
        bpalapura@potteranderson.com
        sobyrne@potteranderson.com

Dated: September 3, 2015
1202956 / 42728

*Attorneys for Plaintiff*
*Fidelity National Information Services, Inc.*